PRESENT: Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and Kinser, JJ., and Stephenson, Senior Justice

LAWRENCE P. MEDICI

                                            OPINION BY
v.  Record No. 991389    SENIOR JUSTICE ROSCOE B. STEPHENSON, JR.
                                         June 9, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE COURT OF APPEALS OF VIRGINIA

     In this appeal, we determine whether the Court of Appeals erred in ruling that the trial court correctly (1) refused to strike for cause a prospective juror, (2) admitted into evidence the defendant's prior rape convictions in the guilt/innocence phase of his trial, and (3) refused to accept the defendant's stipulation that he had prior rape convictions.

                              I

     A grand jury of the Circuit Court of Fairfax County indicted Lawrence P. Medici on four offenses.  Count I of the indictment charged that Medici "did rape [the victim], a second or subsequent offense."  Count II charged that Medici "did engage in cunninlingus with [the victim], against her will, by force, threat or intimidation, a second or subsequent offense."  Count III charged that Medici "did engage in fellatio with [the victim], against her will, by force, threat or intimidation, a second or subsequent offense."  Count IV charged that Medici "did attempt to engage in anal sodomy with [the victim], against her will, by force, threat or intimidation."

A jury found Medici guilty of each offense charged.  The jury recommended a sentence of life imprisonment for each charge set forth in Counts I, II, and III of the indictment and 10 years' imprisonment for the charge contained in Count IV of the indictment.  By order entered February 17, 1998, the trial court sentenced Medici in accordance with the jury's verdict.

In an unpublished opinion dated May 25, 1999, the Court of Appeals affirmed the trial court's judgment.  Lawrence P. Medici v. Commonwealth of Virginia, Record No. 0527-98-4.  We awarded Medici an appeal limited to the issues stated above.[1]

II

A brief summary of the facts will suffice.  The eighteen-year-old victim, a drug addict, was acquainted with Medici as her supplier of illicit drugs.  On May 21, 1997, Medici left a message on the victim's answering machine advising her that he had "an amazing amount of cocaine" and that she should come over to his house.  The victim went to Medici's house the following morning on her way to school.  Medici escorted the victim to the basement where she saw a mirror covered with white powder.  As the victim observed the powder, Medici ordered her to remove her

_____

[1] We also awarded an appeal on the issue whether the indictment is defective.  We will not consider Medici's contention that the indictment is defective, however, because the issue was not raised before the jury returned its verdict, as required by Rule 3A:9.  Therefore, the issue was waived.

2

clothing.  The victim initially refused, but did remove her clothing when she noticed that Medici was armed with a knife. Thereafter, Medici forced the victim to engage in fellatio, cunninlingus, and sexual intercourse, and he attempted to engage the victim in anal sodomy.  The victim immediately reported the incident to her high school guidance counselor.

III

We first consider whether the trial court erred in refusing to strike for cause a potential juror.  During voir dire, Medici sought to have Inga Bennett stricken for cause because Bennett's husband had been murdered and the accused murderer was then represented by Medici's counsel's employer, the Office of the Public Defender.  When questioned by counsel and the trial court, Bennett unequivocally stated that those circumstances would not affect her ability to judge the evidence fairly and impartially.  The trial court refused to strike Bennett for cause, stating that "she was very adamant that she could be objective in this case."

We considered a similar issue in Cantrell v. Crews, 259 Va. 47, 523 S.E.2d 502 (2000), decided after the decisions of the trial court and the Court of Appeals in the present case.  In Cantrell, the issue was "whether the trial court erred in refusing to strike for cause a prospective juror who, at the time of trial, was a client of the law firm representing the

plaintiff." Id. at 49, 523 S.E.2d at 503. The prospective juror was, at the time, a plaintiff in a pending personal injury action. In response to questioning, the prospective juror assured the trial court that she could "ignore" her representation by the plaintiff's law firm and "be totally fair to both sides." Id. at 50, 523 S.E.2d at 503. The trial court denied the defendants' motion to strike the prospective juror for cause, concluding that she could ignore her personal relationship and be fair. Id.

We held that the trial court abused its discretion in refusing to strike the juror for cause and that the ruling constituted reversible error. In so holding, we stated the following:

> Public confidence in the integrity of the process is at stake. It cannot be promoted when a sitting juror is, at the time of trial, a client of the law firm representing one of the parties to the litigation as a result of a similar occurrence.
>
> This is true even though, as the record shows, the juror states that the circumstances of her representation would have no "bearing" on her judgment as a juror and that she could "be totally fair to both sides."

Id. at 51, 523 S.E.2d at 504.

It is true, as the Attorney General argues, that an appellate court must give deference to a trial court's ruling whether to exclude or retain a prospective juror and that the ruling will not be disturbed on appeal unless it is plainly

4

wrong and amounts to an abuse of discretion.  Vinson v. Commonwealth, 258 Va. 459, 467, 522 S.E.2d 170, 176 (1999).  We think, however, that the present case is controlled by our decision in Cantrell.  Here, the prospective juror's husband had been murdered, and the accused murderer was represented by a lawyer in the same Public Defender's Office that also served as counsel for Medici.  While we have no reason to question Bennett's honesty and sincerity, we think that permitting her to sit as a juror, in the circumstances of this case, would weaken public confidence in the integrity of criminal trials.  Accordingly, we hold that the trial court abused its discretion in failing to strike Bennett as a juror and that the ruling constitutes reversible error.

## IV

We next consider whether Medici's prior convictions of rape in California were improperly admitted into evidence during the Commonwealth's case-in-chief.  Medici makes three arguments in support of this contention.[2]

## A

First, Medici argues that the admission of the evidence in the guilt/innocence phase of his trial violated the Due Process Clause of the Fourteenth Amendment to the Federal Constitution.

---

[2] We will consider Medici's other assignments of error because the issues raised are likely to arise again upon retrial.

As previously noted, Medici was charged in three counts of the indictment with violating the rape and forcible sodomy statutes. He was also charged with the violation of Code § 18.2-67.5:3, which provides in subsection A as follows:

> Any person convicted of more than one offense specified in subsection B, when such offenses were not part of a common act, transaction or scheme, and who has been at liberty as defined in § 53.1-151 between each conviction shall, upon conviction of the second or subsequent such offense, be sentenced to life imprisonment and shall not have all or any portion of the sentence suspended, provided it is admitted, or found by the jury or judge before whom he is tried, that he has been previously convicted of at least one of the specified offenses.

Medici asserts that, "because the Commonwealth currently has a bifurcated system in place[,] . . . the prior conviction should be introduced in the [penalty] phase of the trial." Medici further assets that, "[t]o do otherwise would be to violate a defendant's right to due process."

In Spencer v. Texas, 385 U.S. 554, 567-69 (1967), the Supreme Court upheld a defendant's conviction despite the admission into evidence in the guilt/innocence phase of the trial of the defendant's prior conviction for the purposes of sentence enhancement. More recently, in Marshall v. Lonberger, 459 U.S. 422, 438 n.6 (1983), the Supreme Court reaffirmed Spencer and held that the accused's due process rights were not violated by the admission of his prior conviction into evidence in the guilt/innocence phase of the trial. Similarly, in Brown

6

v. Commonwealth, 226 Va. 56, 59, 307 S.E.2d 239, 241 (1983), we ruled that "[d]ue process does not require that an accused be given a bifurcated trial when he is charged under a statute authorizing enhanced punishment for repeating offenders."

The Supreme Court also has stated that "a state rule of law 'does not run foul of the Fourteenth Amendment because another method may seem to our thinking to be fairer or wiser or to give a surer promise of protection to the prisoner at bar.'" Spencer, 385 U.S. at 564 (quoting Snyder v. Massachusetts, 291 U.S. 97, 104 (1934)).  The Court has further noted that "[a] determination of the 'best' recidivist trial procedure necessarily involves a consideration of a wide variety of criteria . . . [and] is a far cry from a constitutional determination that this method of handling the problem is compelled by the Fourteenth Amendment."  Id. at 567-68.

In the present case, the trial court instructed the jury that Medici's prior convictions "should be considered . . . only for proof . . . of a prior conviction, and not as proof that [Medici] committed the offenses to which he is charged."  We presume that jurors followed a court's instruction, unless the record plainly shows otherwise.  See Spencer v. Commonwealth, 240 Va. 78, 95, 393 S.E.2d 609, 619, cert. denied, 498 U.S. 908 (1990).  Here, nothing in the record suggests that the jury did not follow the court's instruction.

7

We express no opinion whether the better policy would be to introduce a prior conviction into evidence only during the sentencing phase.  We also do not decide whether a prior conviction is an element of the offense charged.  Medici's assignment of error merely alleges that the admission into evidence of his prior convictions in the guilt/innocence phase of his trial violated his "right to due process."  We reject this contention and, for the reasons stated, hold that Medici's due process rights were not violated.

B

Medici next contends that the trial court erred in admitting into evidence his prior California rape convictions because the California statute "allows a conviction for rape for acts that do not constitute an offense under Code § 18.2-61," thereby rendering the Virginia and California statutes not "substantially similar."  We do not agree.

"Prior convictions," within the meaning of Code § 18.2-67.5:3(C), include "adult convictions for felonies under the laws of any state or the United States that are substantially similar to those listed in subsection B."  (Emphasis added.) Subsection B of Code § 18.2-67.5:3 includes the crime of rape.

In 1985, Medici was convicted of rape in California, in violation of California Penal Code § 261(2), which, at the time

8

of the offense and his conviction, read, in pertinent part, as follows:

> Rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator, under any of the following circumstances:
>
> . . . .
>
> (2) Where it is accomplished against a person's will by means of force or fear of immediate and unlawful bodily injury on the person or another.

Code § 18.2-61(A)(i), under which Medici was charged in the present case, provides the following:

> If any person has sexual intercourse with a complaining witness who is not his or her spouse . . . against the complaining witness's will, by force, threat or intimidation of or against the complaining witness or another person, . . . he or she shall be guilty of rape.

It is true that the California statute, when read in its entirety, permits a rape conviction for acts that would not necessarily constitute rape in Virginia. In making a comparison regarding the similarity of the statutes, however, we need only compare the Virginia rape statute with the subsection of the California statute under which Medici was charged and convicted. See Honaker v. Commonwealth, 19 Va. App. 682, 684, 454 S.E.2d 29, 30 (1995).

Clearly, the language in subsection 2 of California Penal Code § 261 is substantially similar to the language in Virginia Code § 18.2-61(A)(i). Therefore, we hold that the trial court

9

did not err in admitting into evidence Medici's convictions under a substantially similar statute.

C

Medici also contends that the trial court erred in admitting the California convictions into evidence because, according to him, the conviction order was not properly certified.  The prior convictions order admitted in the present case was marked on the back with a stamp reading, "Allen Slater, Executive Officer and Clerk of the Superior Court of the State of California, in and for the County of Orange."  The order also contained the seal of the Orange County Superior Court and was signed by "Flor L. Perez," whose signature appears next to the word, "Deputy."

Code § 8.01-389(A1) provides that "[t]he records of any judicial proceeding and any other official record of any court of another state or country, or of the United States, shall be received as prima facie evidence provided that such records are authenticated by the clerk of the court where preserved to be a true record."  We think the California order complies with the requirements of Code § 8.01-389(A1), and, therefore, the trial court properly admitted it into evidence.

V

Finally, we consider Medici's offer to stipulate.  Medici offered to stipulate his prior rape convictions in the

10

sentencing phase of his trial if he were convicted of the charged offenses.  He contends on appeal that the trial court erred in refusing to accept the stipulation.  We have held, however, that an accused "may not preclude the Commonwealth from introducing otherwise admissible evidence by offering to stipulate the facts which the evidence would show."  Spencer, 240 Va. at 91, 393 S.E.2d at 617.  We conclude, therefore, that the trial court did not abuse its discretion in refusing to accept Medici's qualified stipulation offer.

VI

In sum, we hold that the trial court committed reversible error in refusing to strike for cause prospective juror Bennett, and the Court of Appeals erred in affirming the trial court's ruling.  We further hold that the trial court did not err in admitting into evidence Medici's California rape convictions and in refusing to accept Medici's stipulation and that the Court of Appeals did not err in affirming these rulings of the trial court.  Accordingly, we will reverse the judgments of the trial court and the Court of Appeals and remand the case to the Court of Appeals with direction that the case be remanded to the trial court for further proceedings.

Reversed and remanded.