COURT OF APPEALS OF VIRGINIA


Present:  Judges Bumgardner, Humphreys and Clements
Argued at Richmond, Virginia


CHARLES EDWARD CRAWFORD, JR.

MEMORANDUM OPINION[*] BY
v.    Record No. 0172-00-4          JUDGE ROBERT J. HUMPHREYS
                                      NOVEMBER 14, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Stanley P. Klein, Judge

Crystal A. Meleen (Office of the Public
Defender, on brief), for appellant.

Virginia B. Theisen, Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


Charles Edward Crawford, Jr. appeals his conviction by a jury of aggravated sexual battery, second or subsequent offense. He argues that the trial court erred in admitting a record of a prior conviction for aggravated sexual battery because:  (1) its admission in the guilt/innocence phase of his trial violated his due process rights and deprived him of a fair trial; and (2) it was not sufficiently linked to Crawford as to be material and relevant.  For the reasons that follow, we disagree and affirm his conviction.

_____

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

In Brown v. Commonwealth, 226 Va. 56, 59, 307 S.E.2d 239, 241 (1983), the Supreme Court of Virginia held that "[d]ue process does not require that an accused be given a bifurcated trial when he is charged under a statute authorizing enhanced punishment for repeating offenders."

In Medici v. Commonwealth, 260 Va. 223, 532 S.E.2d 28 (2000), the Supreme Court recently affirmed this principle in the context of the Commonwealth's bifurcated trial procedure. In Medici, as here, the trial court instructed the jury that the record of prior conviction "should be considered . . . only for proof . . . of a prior conviction, and not as proof that [Crawford] committed the offense for which he is charged." Id. at 229, 532 S.E.2d at 31-32. Furthermore, "[u]nless the record shows the contrary [we] presume that the jury followed an explicit cautionary instruction promptly given." LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983).

Crawford also contends that the record of prior conviction should not have been admitted because it was not sufficiently linked to him. Specifically, the record of conviction of aggravated sexual battery admitted by the trial court reflected the name of "Charles Edward Crawford" rather than "Charles Edward Crawford, Jr.".

At trial, Detective Bibeault testified that he arrested Crawford on a warrant that contained certain identifying information, including a date of birth. He further testified

-

that after advising Crawford of his Miranda rights, Crawford admitted that he had previously been convicted of aggravated sexual battery. Finally, Bibeault testified that after verifying the identifying information with Crawford, he obtained a certified copy of a record of conviction from the Circuit Court of the City of Alexandria, which indicated that a Charles Edward Crawford, with a date of birth consistent with that of appellant, was convicted of aggravated sexual battery on May 23, 1991.

We first note that "[t]he admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Jones v. Commonwealth, 32 Va. App. 30, 44, 526 S.E.2d 281, 288 (2000) (citation omitted). "Identity of names carries with it a presumption of identity of person, the strength of which will vary according to the circumstances. . . . Courts in many other jurisdictions have held that identity of the name of a defendant and the name of a person previously convicted is prima facie evidence of identity of person and, absent contrary evidence, supports a finding of such identity." Cook v. Commonwealth, 7 Va. App. 225, 230, 372 S.E.2d 780, 783 (1988) (citations omitted).

Here, the conviction record bore Crawford's name and date of birth; it simply lacked the suffix "Jr." "Junior is no part of a person's name." O'Bannon v. Saunders, 65 Va. (24 Gratt)

-

138, 146 (1873) (citation omitted).  It is "a mere descriptio

personna" which can be likened to other descriptive additions as

"'attorney at law,' or 'president of a rail-road company,' or

'resident of the County of Culpepper.'"  Id.  See also Basset v.

Commonwealth, 222 Va. 844, 855, 284 S.E.2d 844, 851 (1981).  As

the Commonwealth points out, Crawford himself omitted the

suffix, "Jr." when he signed the Miranda rights form.

Based on this record, we find no error in the admission of

the record of prior conviction.

Affirmed.