*465 CLEMENTS, J.,
concurring.
While I agree with the holding of the majority opinion that the trial court did not err in denying Brooks’s motions for the removal of Cook from the jury and for a mistrial, I write separately because I find it unnecessary and, indeed, inappropriate, under the circumstances of this case, to address sua sponte the issue of public confidence.
We have consistently held that we will not address an issue that was not raised on appeal. See, e.g., Shoup v. Shoup, 37 Va.App. 240, 253 n. 6, 556 S.E.2d 783, 790 n. 6 (2001) (en banc); Frias v. Commonwealth, 34 Va.App. 193, 196 n. 1, 538 S.E.2d 374, 375 n. 1 (2000). “On appeal, we [will] consider only the issues raised.” Mullins v. Commonwealth, 39 Va. App. 728, 733, 576 S.E.2d 770, 772 (2003); see also Richardson v. Moore, 217 Va. 422, 423 n. 1, 229 S.E.2d 864, 865 n. 1 (1976) (stating the Court would “express no opinion” on a particular question because that question “was not raised on appeal”).
In this case, Brooks argues Cook was “absolutely disqualified” because she was related “within the ninth degree of consanguinity” or affinity to the “alleged victims in this case and their parents.” He also argues, as the Commonwealth notes, that Cook “may have been inherently biased by her familial relationships.” Brooks, however, makes no claim on appeal that Cook’s presence on the jury would erode public confidence in the integrity of the judicial process. He simply does not challenge the trial court’s rulings on that ground.
Moreover, in my view, none of the decisions by the Supreme Court of Virginia addressing the issue of public confidence in the integrity of the judicial process requires us to consider the public confidence issue when, as here, it has not been raised on appeal. As noted in the instant majority opinion, the Supreme Court reversed the appellant’s conviction in Medici v. Commonwealth, 260 Va. 223, 532 S.E.2d 28 (2000),[5] on the basis of the issue of public confidence even though that issue *466 “was not listed as a question on appeal.” The Supreme Court’s opinion in Medici, however, “listed” only the overall issue of “whether the trial court erred in refusing to strike for cause a potential juror,” without identifying the specific issues addressed by the parties on appeal. Id. at 226, 532 S.E.2d at 30. Consequently, it is not possible to tell from the opinion in Medici whether the issue of public confidence was raised on appeal by the appellant in that case or whether the Supreme Court addressed the issue sua sponte. The same may be said of each of the other opinions in which the Supreme Court has focused on the issue of public confidence with regards to the jury-selection process, none of which indicate whether the appellant raised the issue on appeal. See Barrett v. Commonwealth, 262 Va. 823, 553 S.E.2d 731 (2001); Cantrell v. Crews, 259 Va. 47, 523 S.E.2d 502 (2000).
Likewise, while we addressed the issue of public confidence in Patterson v. Commonwealth, 39 Va.App. 658, 576 S.E.2d 222 (2003), and Perez v. Commonwealth, 40 Va.App. 648, 580 S.E.2d 507 (2003), neither case is controlling here because, unlike Brooks, the appellants in both of those cases specifically raised the issue of public confidence on appeal. Accordingly, neither of those decisions requires our consideration of the issue of public confidence in this case.
I, therefore, believe that raising the issue of public confidence on our own accord is contrary to established principles of appellate review and would not do so.

. The opinion in Medici was released approximately two years before Brooks filed this appeal.