# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

Dennis Dickens

August 18, 2008

Case No. FE-2008-410

BY JUDGE STANLEY P. KLEIN

The parties are before the court on the defendant's motion to bifurcate the guilt phase of the trial in which the defendant is charged with concealment as a third or subsequent offense under Virginia Code §§ 18.2-103 and 18.2-104. The defendant seeks bifurcation of the guilt phase of the trial to preclude the introduction of evidence of his prior larceny-related ("larceny") convictions until such time as the jury has determined his guilt for the concealment offense which serves as the principal basis for the pending charge. After consideration of the parties' memoranda and oral arguments and the applicable governing authorities, the court holds that, under this recidivist statute, prior larceny convictions of this defendant are admissible during the guilt phase of trial.[1] The Court further declines to bifurcate the guilt phase of this trial for the reasons set out in this letter opinion.

---

[1] The Court does not rule, however, that all seventeen of the Defendant's larceny convictions are admissible in the guilt phase. Thus, the number of such convictions to be admitted, above the minimum required to raise this alleged offense to the felony charged by the Commonwealth in the indictment, will be left to the discretion of the trial judge.

## I. *Background*

The Commonwealth alleges that, on March 17, 2008, Dennis Dickens entered a Best Buy store and concealed several compact disc players in his pockets while in the store's restroom. Two of Best Buy's loss-prevention officers confronted and questioned Dickens, after which, the Commonwealth alleges, Dickens assaulted the officers. As a result and based upon Dickens' prior criminal record, the Commonwealth has brought charges of concealment, third or subsequent offense, and assault against Dickens.

Dickens asserts that the introduction of his prior convictions during the guilt phase of the trial will (1) deprive him of his Sixth Amendment right to an impartial jury; (2) violate his Eighth Amendment protection against cruel and unusual punishment; and (3) be so prejudicial as to violate his due process rights. The defense further contends that the Court has the authority to bifurcate the guilt phase of the trial. The Commonwealth responds that it has the right to introduce prior convictions during the guilt phase and, in fact, must convince the jury that this Defendant has at least two prior larceny-related offenses in order to prove the felony charge of concealment, third or subsequent offense, it has lodged against this Defendant. Hence, the Commonwealth argues that this Court cannot and should not bifurcate the guilt phase of the trial. The Court will address each of Dickens' contentions.

## II. *Analysis*

### A. *Sixth Amendment Right to Impartial Jury*

The Sixth Amendment to the United States Constitution provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to a . . . trial by an impartial jury." U.S. Const., Amend. VI. This right is made applicable to the states through the Fourteenth Amendment. *Duncan v. Louisiana*, 391 U.S. 145, 149, 88 S. Ct. 1444, 20 L. Ed. 2d 491 (1968). Article I, Section 8, of the Constitution of Virginia similarly guarantees a criminal defendant the right to such an impartial jury. Va. Const., art. 1, § 8. Dickens asserts that, if this Court were to allow the Commonwealth to introduce his prior larceny convictions at trial in a non-bifurcated guilt phase, his Constitutional right to an impartial jury would be abridged. Dickens cites no authority in support of this contention, and the Court is unaware of any case or treatise which would enhance this argument. Indeed, if the Court were to rule that the right to an impartial jury is implicated when relevancy

objections are made during the course of a trial, all evidentiary decisions wherein trial judges weigh prejudice against probative value would be elevated to constitutional determinations. Absent precedent requiring this Court to accept such a proposition, the Court declines to embrace Dickens' novel position.

## B. *Eighth Amendment Prohibition against Cruel and Unusual Punishment*

The Eighth Amendment to the United States Constitution forbids the infliction of cruel and unusual punishment. U.S. Const., Amend. VIII. This provision is also applicable to the states by way of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 675, 82 S. Ct. 1417, 8 L. Ed. 2d 758 (1962). Likewise, the Virginia Constitution forbids the imposition of cruel and unusual punishment. Va. Const., art. I, § 9. On brief, Dickens asserts, again without any supporting authority, that the Eighth Amendment applies to criminal procedure issues. Once again, the Court disagrees. There is simply no logical nexus between the Eighth Amendment's proscription against cruel and unusual punishment and the admissibility of evidence at trial concerning prior convictions of a criminal defendant charged under a recidivist statute. Consequently, the Court rejects this contention.

## C. *Violation of Due Process*

Although it is axiomatic in Virginia that evidence of a defendant's bad acts is inadmissible to prove solely a defendant's propensity to commit such acts, it is equally well established that evidence of a criminal defendant's past offenses is admissible if "it tends to prove any relevant element of the offense charged." *Kirkpatrick v. Commonwealth*, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970).

Pursuant to Virginia Code § 18.2-104, when a person is convicted of a larceny, third or subsequent larceny offense, the crime is elevated to a Class 6 felony, even if the underlying offense itself is a misdemeanor. Thus, this Code section qualifies as one of a number of recidivist statutes in Virginia. See e.g., Va. Code § 18.2-67.5:3(A) Violent Felony Sexual Assault ("Any person convicted of more than one offense [specified herein] . . . shall, upon conviction of the second or subsequent such offense [receive a stricter sentence]"; § 18.2-308.2(A) Firearm Possession ("[A]ny person who violates this section . . . who was previously convicted of a violent felony . . . shall [receive a longer sentence]"); § 46.2-357 Habitual Offender ("If the offense of driving while a determination as an habitual offender is in effect, a second or

subsequent such offense, such person shall be punished [more severely than a first offender]"); § 18.2-248(C) Second or subsequent offense for manufacturing, selling, giving, distributing, or possession with the intent to manufacture, sell, give, or distribute a controlled substance ("Upon a second or subsequent conviction of such a violation, any such person may . . . be sentenced [more strictly than a first-time offender]"); § 18.2-270 Second or subsequent offense for driving while intoxicated ("Any person convicted of a second offense . . . shall upon conviction of the second offense he punished [more severely than a first-time offender]").

The Supreme Court of Virginia "has repeatedly held that the prior convictions of a criminal defendant facing trial as a recidivist may be introduced and proved during the guilt phase of the trial on the principal offense." *Washington v. Commonwealth*, 272 Va. 449, 459, 634 S.E.2d 310, 316 (2006). Contrary to Dickens' contention, the Supreme Court of Virginia has squarely held that "due process does not require that an accused be given a bifurcated trial when he is charged under a statute authorizing enhanced punishment for repeating offenders." *Medici v. Commonwealth*, 260 Va. 223, 228-29, 532 S.E.2d 28, 31 (2000) (*quoting Brown v. Commonwealth*, 226 Va. 56, 59, 307 S.E.2d 239, 241 (1983)) (internal citations omitted). In fact, in order to convict a defendant charged under a Virginia recidivist statute, "the prior offense must be charged and proven." *Griswold v. Commonwealth*, 252 Va. 113, 116, 472 S.E.2d 789, 790 (1996), overruled on other grounds by *Alabama v. Shelton*, 535 U.S. 654, 122 S. Ct. 1764, 152 L. Ed. 2d 888 (2002) (*quoting Calfee v. Commonwealth*, 215 Va. 253, 255, 208 S.E.2d 740, 741 (1974)) (internal citations omitted); *see also Commonwealth v. Ellett*, 174 Va. 403, 413, 4 S.E.2d 762, 766 (1939) ("the prior offense must be charged and proven"); *Farmer v. Commonwealth*, 12 Va. App. 337, 340, 404 S.E.2d 371, 372 (1991) (en banc) (holding that trial court did not err in admitting prior DUI convictions in guilt stage of bifurcated trial of DUI, second or subsequent offense); *Berry v. Commonwealth*, 22 Va. App. 209, 214, 468 S.E.2d 685, 687 (1996) (holding that enactment of Va. Code § 19.2-295.1 and adoption of bifurcated felony trials did not alter prior rulings upholding admission of prior convictions in guilt stage of recidivist statute trials).

Indeed, the Court of Appeals of Virginia has addressed this issue in the context of the specific recidivist statute under which Dickens stands charged. In *Pittman v. Commonwealth*, 17 Va. App. 33, 434 S.E.2d 694 (1993), the defendant was charged with concealment of merchandise, third or subsequent offense, in violation of Virginia Code §§ 18.2-103 and 18.2-104. The Court of Appeals affirmed the trial court's decision to admit evidence of six prior larceny convictions during the guilt phase of the trial. The *Pittman* Court

noted that Va. Code § 18.2-104 makes the commission of a third or subsequent offense a felony, thereby implicating the legal ramifications arising from conviction of such an offense. *Id.* at 35, 434 S.E.2d at 695.

Therefore, in light of these precedents, it cannot be seriously questioned that the Commonwealth is entitled to introduce evidence of Dickens' prior record of larceny convictions in the guilt phase of the trial in order to sustain its burden of proof on the charged felony offense. Dickens seemingly concedes this point. Rather than arguing that this Court should exclude his prior convictions in the guilt phase, he asks the Court instead to potentially trifurcate the trial and to allow his prior convictions to be introduced only when, and if, the jury finds that he committed the underlying concealment of merchandise on March 17, 2008. Dickens contends that the prejudice which would arise from the jury hearing about his prior convictions before they determine whether he concealed merchandise on the date of the alleged offense could not be ameliorated, even if an appropriate cautionary instruction is given to the jury. He further asserts that bifurcation of the guilt phase is consistent with Virginia trial procedure and could be easily implemented by the trial judge. Once again, the Court disagrees with Dickens for multiple reasons.

Initially, it is settled under Virginia law that the potential prejudice that Dickens contends would arise from the introduction of his prior convictions prior to the point at which the jury decides whether he concealed merchandise on the date of the alleged offense can be sufficiently vitiated by an appropriate limiting instruction to the jury. *Washington*, 272 Va. at 460, 634 S.E.2d at 317 (finding sufficient a limiting instruction that "evidence that [the defendant] was previously convicted of prior offenses should be considered only for proof of the element of a prior conviction and not as proof that he committed the offense to which he is charged"); *Medici*, 260 Va. at 225, 532 S.E.2d at 29 (approving cautionary instruction informing the jury that the defendant's prior convictions "should be considered . . . only for proof . . . of a prior conviction, and not as proof that [the defendant] committed the offense to which he is charged"); see also *Calfee*, 215 Va. at 255, 208 S.E.2d at 742. The Court rejects Dickens' reliance on *obiter dicta* from a concurring opinion written nearly sixty years ago in *Krulewitch v. United States*, 336 U.S. 440, 453, 69 S. Ct. 716, 93 L. Ed. 790 (1949) (Jackson, J., concurring), that "[t]he naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction." To the contrary, the Supreme Court of Virginia has repeatedly held that courts do presume jurors follow a court's instructions unless the record plainly indicates otherwise. *Yarbrough v. Commonwealth*, 262 Va. 388, 397, 551 S.E.2d 306, 311 (2001); *Medici*, 260 Va. at 229, 532 S.E.2d at 32 (holding the law presumes jurors

follow a court's instructions); *Jones v. Commonwealth*, 228 Va. 427, 443, 323 S.E.2d 554, 562 (1984) (holding the Court presumes jurors do not violate their oaths to follow the court's instructions); *LeVasseur v. Commonwealth*, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983) (holding that, when an instruction is given, it is presumed the jury followed the instruction).

Here, as in *Medici*, Dickens is charged under a recidivist statute. Should the Commonwealth seek to introduce evidence of Dickens' prior convictions in the guilt stage, upon request, the jury will be instructed to consider the evidence only as proof of Dickens' prior predicate convictions and not as proof that he committed the concealment with which he is presently charged. Since Virginia law presumes jurors follow instructions given to them by the court, such an instruction would be sufficient to negate any unduly prejudicial effect the evidence of the prior convictions might otherwise cause. *Washington*, 272 Va. at 460, 634 S.E.2d at 310.

Further, Dickens provides no Virginia authority to support his position that bifurcation of the guilt phase of a criminal trial is consistent with Virginia criminal procedure. In fact, Supreme Court of Virginia precedent belies Dickens' argument. In *Brown v. Commonwealth*, 226 Va. 56, 307 S.E.2d 239 (1983), the defendant was charged with petty larceny, third or subsequent offense, under a predecessor statute to Va. Code § 18.2-104. Brown argued both that the admission of his prior convictions violated due process and that he should have been given a bifurcated trial in the event the prior convictions were to be received in evidence. Initially, the Supreme Court dismissed his due process argument, relying on its prior decisions in *Calfee* and *Ellett*. *Brown*, 226 Va. at 58-59, 307 S.E.2d at 240. The Court then addressed and rejected Brown's bifurcation argument, ruling that "there is *no statutory authorization* for such a procedure in this case." *Id.* at 59, 307 S.E.2d at 240 (emphasis added). The Court noted that bifurcated trials had been statutorily provided only for capital murder cases and certain traffic cases. *Id.*, 307 S.E.2d at 240-41.[2] It further acknowledged that "sound arguments" for the extension of bifurcated trials to other offenses might exist but concluded that "*these arguments should be addressed by the General Assembly.*" *Id.* (emphasis added). Consequently, Dickens' reliance on procedural statutes from other states is misplaced.

---

[2] The decision in *Brown* preceded the enactment of Va. Code § 19.2-295.1 which established the present bifurcation procedure for felony and Class I misdemeanor trials in Virginia, where guilt is determined in the first stage and, if a guilty verdict is returned, punishment is decided in the second stage.

Thereafter, in 1995, the Virginia General Assembly enacted Va. Code § 19.2-295.1 which reads in pertinent part as follows:

> In cases of trial by jury, upon a finding that the defendant is guilty of a felony or a Class 1 misdemeanor, or upon a finding in the trial de novo of an appealed misdemeanor conviction that the defendant is guilty of a Class 1 misdemeanor, a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury.

Va. Code § 19.2-295.1. Thus, pursuant to that statute, a separate proceeding limited to the determination of punishment occurs only after a finding by the trier of fact that the defendant is guilty of a felony, not after the return of a preliminary finding of culpability but before a verdict of guilt for the charged felony offense. As the Supreme Court made clear in *Weathers v. Commonwealth*, 262 Va. 803, 805, 553 S.E.2d 729, 730 (2001), the Virginia General Assembly is deemed to be aware of appellate decisions like *Brown, Washington, Griswold, Pittman,* and *Farmer.* Nonetheless, the General Assembly has declined to enact legislation authorizing the truncated trial procedure Dickens now requests. Such a failure to statutorily overrule those decisions and authorize a bifurcated guilt phase in a criminal trial is not, pursuant to principles of statutory construction in Virginia, based upon mere inadvertence. *Weathers,* 262 Va. at 805, 553 S.E.2d at 730 ("When the General Assembly acts in an area in which one of its appellate courts already has spoken, it is presumed to know the law as the court has stated it and to acquiesce therein, and if the legislature intends to countermand such appellate decision it must do so explicitly.").

Moreover, Dickens offers no solution to the numerous potential procedural pitfalls a bifurcated guilt phase trial regime would create. First, how many jurors would a court empanel in a trial for larceny, third or subsequent offense? Bifurcation would necessarily mean that the jury would first have to reach a decision on the misdemeanor concealment charge under Virginia Code § 18.2-103. Thus, would seven jurors be empaneled as in any other misdemeanor trial, or would twelve be empaneled in case the trial evolved into a felony proceeding in the second stage of the proposed guilt phase? Second, what would the court and counsel tell the jury about the charge during voir dire and opening statements? Would a court tell the jurors that the trial would potentially consist of three stages without explaining why, or would the court intentionally misinform the jurors in order to avoid

speculation as to why three separate stages would be necessary? Further, if a jury were to return a verdict that a defendant had committed the underlying misdemeanor larceny offense, would that finding of guilt for a misdemeanor offense preclude the Commonwealth from proceeding to seek a felony conviction under longstanding principles of double jeopardy jurisprudence? *See Edenton v. Commonwealth*, 227 Va. 413, 417, 316 S.E.2d 736, 738 (1984) ("[C]onviction of a lesser-included offense bars prosecution of the offense in which it is included.").

This Court also finds merit in the Commonwealth's position that allowing bifurcation of the guilt phase in recidivist trials could be the first step down a slippery slope. If a trial court must bifurcate the guilt phase in a case such as Dickens' in order to keep out prejudicial evidence about the defendant's prior convictions, would a court be similarly required to bifurcate the guilt phase of any trial involving other aggravating factors because the evidence necessary to prove one element of a charged offense might be prejudicial to the determination of other elements? For example, Virginia Code § 18.2-57(B)[3] elevates the crime of assault and battery from a Class 1 misdemeanor to a Class 6 felony, based upon the presence of two aggravating factors, (1) that the defendant committed the assault and battery because of the victim's race, religion, color, or national origin and (2) that the victim sustained bodily injury. In such a case, an argument, at least as persuasive as the one Dickens presents here, could be made that all trials under that code section should be similarly trifurcated. The same argument could also easily extend to all specific intent crimes, such as possession of a controlled substance with the intent to distribute or burglary. The evidence necessary to prove the element of intent to commit an assault or larceny could be said to prejudice a jury in its determination of the breaking and entering elements of the crime.

---

[3] Va. Code § 18.2-57. "*Assault and battery* (A) Any person who commits a simple assault or assault and battery shall be guilty of a Class I misdemeanor, and if the person intentionally selects the person against whom a simple assault is committed because of his race, religious conviction, color, or national origin, the penalty upon conviction shall include a term of confinement of at least six months, 30 days of which shall be a mandatory minimum term of confinement. (B) However, if a person intentionally selects the person against whom an assault and battery resulting in bodily injury is committed because of his race, religious conviction, color, or national origin, the person shall be guilty of a Class 6 felony, and the penalty upon conviction shall include a term of confinement of at least six months, 30 days of which shall be a mandatory minimum term of confinement."

Ultimately, when reduced to its true essence, Dickens' argument is that it is simply not fair for the jury to hear about his prior convictions before deciding whether he committed the charged concealment on March 17, 2008. As a result, he asks this Court to create a remedy to rectify that unfairness. However, as set out above, Virginia's appellate courts have consistently and unambiguously held that evidence of prior crimes is admissible when it is probative of an element of the offense charged or the required predicate for enhanced punishment under a recidivist statute. *See Kirkpatrick v. Commonwealth*, 211 Va. 269, 272 176 S.E.2d 802, 805 (1970); *Pittman*, 17 Va. App. at 35, 434 S.E.2d at 695. In addition, the Supreme Court of Virginia has held that a jury instruction limiting consideration of evidence of prior convictions to prove only the element of prior convictions and not the underlying substantive offense is "sufficient to vitiate any prejudice created by introducing prior convictions in the trial of a subsequent offense." *Washington*, 272 Va. at 460, 634 S.E.2d at 317. The Supreme Court has further held that a defendant's due process rights are not violated by the admission of prior conviction evidence during the guilt phase of a criminal trial. *Brown*, 226 Va. at 59, 307 S.E.2d at 241. Therefore, "due process does not require that an accused be given a bifurcated trial when he is charged under [a recidivist statute]." *Id.*; see also *Medici*, 260 Va. at 229, 532 S.E.2d at 32. In fact, bifurcated trials have only been provided by statute in Virginia under limited circumstances, and "there is no statutory authorization for such a procedure in [a prosecution for larceny, third or subsequent offense]." *Brown*, 226 Va. at 59, 307 S.E.2d at 240-41. Thus, the Virginia General Assembly and Virginia's appellate courts have established that no special concerns warrant the bifurcation of the guilt phase of a criminal trial where the defendant is charged under a recidivist statute.

Moreover, it has long been accepted that it is in the public's interest for there to be stability in the law and for the interpretation and administration of the law not to vary based upon the personal views of the individual judges of any court. *Cf. Kelly v. Trehy*, 133 Va. 160, 112 S.E. 757, 760 (1922). As the Court of Appeals articulated in *Rowe v. Rowe*, "a trial judge violates his or her oath of the office by willfully refusing to abide by [binding decisions] of appellate court[s] . . . regardless of how erroneous [a] trial judge may consider [an] appellate ruling to be." 33 Va. App. 250, 258, 532 S.E.2d 908, 912 (2000). Indeed, the fundamental underpinnings of the doctrine of stare decisis would be irreparably impaired if trial judges did not believe themselves to be duty-bound to adhere to the letter of the laws that the legislative branch enacts and to the dictates of the binding decisions of the appellate courts in that jurisdiction. Virginia's appellate courts and the Virginia General Assembly

have spoken clearly and consistently as to both the Commonwealth's right to introduce evidence of a defendant's prior convictions in the guilt phase of a criminal trial and a defendant's right to a bifurcated trial. Any argument for changes in the law relating to either of those issues must therefore be addressed to either the General Assembly or Virginia's appellate courts. The Circuit Court of Fairfax County is simply not the appropriate forum in which to seek the relief prayed for by Dickens in this case.

Accordingly, Dickens' motion to bifurcate the guilt phase of the trial is denied.