Present:  Carrico, C.J., Lacy, Hassell, Keenan, Koontz, and Lemons, JJ., and Whiting, S.J.

CALVIN LEE BARRETT

v.  Record No. 010686

COMMONWEALTH OF VIRGINIA

OPINION BY
SENIOR JUSTICE HENRY H. WHITING
November 2, 2001

FROM THE COURT OF APPEALS OF VIRGINIA

In this appeal, we review a trial court's denial of a defendant's motion to strike a prospective juror for cause.  The prospective juror's brother, a police officer, was a witness for the Commonwealth in a case involving two consolidated criminal charges.

Calvin Lee Barrett, the defendant, was operating an automobile in the City of Charlottesville with an expired license tag and a broken left rear tail light lens when his vehicle was observed and stopped by Virginia State Trooper Joseph S. Fleming.  As soon as the defendant stopped his vehicle, he walked away from it, ignoring the trooper's order to stop.  The trooper was only able to stop the defendant by following him on foot and seizing his arm.  As the trooper was escorting the defendant to the police cruiser, the defendant broke away from the trooper.  In an escalating series of struggles, the trooper was unsuccessful in his attempt to seize

and arrest the defendant who finally reentered his vehicle and sat in the driver's seat.

The trooper reached in the driver's side window and seized the defendant with one hand.  While the trooper's arm was extended into the vehicle, the defendant backed his vehicle into the trooper's cruiser and then started driving forward.  Fearing that he would be killed or seriously injured if the defendant continued to drive forward, the trooper shot the defendant with his revolver, which he had drawn during the previous struggles.

The defendant was charged with operating his vehicle after he had been declared an habitual offender, second offense, and an assault and battery upon Fleming, a police officer while in the performance of his duty.  During voir dire examination of prospective jurors, defense counsel questioned prospective juror James Wade concerning Wade's possible bias in weighing potentially conflicting testimony of the defendant and police officers. The defendant was particularly concerned with the expected testimony of the prospective juror's brother, Charles Wade, a police officer.  Relevant portions of the questions and answers follow:

> Question: [I]f your brother were to take the stand and testify for the Commonwealth, and if my client took the stand and testified, ... wouldn't it be natural for you to give your brother's testimony more weight than someone else you didn't know of that was accused of a crime?"

> Answer: I'm an impartial person.

. . . .

Question: . . . My question to you is[,] recognizing that we all have feet of clay, and that we're human beings, wouldn't there be a tendency for you, no matter how hard you tried to be impartial, to give your brother, the police officer's testimony at least a little bit more credibility and believability than somebody like my client, Calvin Barrett, who you don't know and who's accused of serious crimes?

Answer: Truthfully, yes.

Responding to further questions variously posed by the court, the Commonwealth's Attorney, and defense counsel, prospective juror Wade testified: (1) that he would not hesitate to put aside his relationship with his brother and his acquaintance with other police officers in judging the credibility or believability of their testimony; (2) that he would not favor, or show partiality toward his brother's testimony over that of the defendant or defense witnesses; (3) that he did not think that he would have a tendency to believe his brother's testimony over that of somebody else he did not know or over the testimony of a non-police officer; and (4) that he would not show any partiality in favor of his brother's testimony.

Because defendant's motion to strike James Wade for cause was denied, he exercised his preemptory right to strike Wade from the panel.  During the jury trial that followed, Charles Wade testified that when he arrived at the scene shortly after

3

the defendant was shot, he saw the trooper seated in a police vehicle and the defendant lying on the ground.  He also testified that he assisted in securing the crime scene.

After the jury heard all the evidence, it found the defendant guilty of both charges and recommended confinement in the penitentiary for a period of five years on the habitual offender charge and three years on the charge of assaulting a police officer.  The court imposed the recommended sentences.

In the defendant's appeal to the Court of Appeals, he alleged that the trial court erred in failing to strike prospective juror Wade for cause.  A panel of the Court of Appeals affirmed the judgment of the trial court in an unpublished opinion.  Barrett v. Commonwealth, Record No. 1829-99-2 (May 16, 2000).  Upon a hearing en banc, the Court of Appeals affirmed the trial court's judgment, with four judges dissenting.  34 Va. App. 374, 542 S.E.2d 23 (2001).  The defendant appeals to this Court.

As an appellate court, we must defer to a trial court's ruling on the issue of whether to retain or excuse a prospective juror for cause and that ruling will not be disturbed on appeal unless there has been manifest error amounting to an abuse of discretion.  Medici v. Commonwealth, 260 Va. 223, 227, 532 S.E.2d 28, 30 (2000); Cantrell v. Crews, 259 Va. 47, 50, 523 S.E.2d 502, 504

4

(2000); Vinson v. Commonwealth, 258 Va. 459, 467, 522 S.E.2d 170, 176 (1999), cert. denied, 530 U.S. 1218 (2000).

The defendant contends that the trial court abused its discretion in refusing to strike prospective juror Wade for cause. In support, the defendant notes the equivocations in Wade's responses on voir dire examination, his relationship to the prospective police officer witness, and the fact that State Trooper Fleming claimed he was justified in shooting the defendant. The Commonwealth responds that a consideration of the juror's entire voir dire examination disclosed that he was not biased and supported the trial court's decision to retain him on the panel.

Our consideration of prospective juror Wade's answers gives us no reason to question the honesty and sincerity of his determination to discharge his duties as a juror in an unbiased manner. And we have said in the context of a criminal case that a juror's family relationship to a police-officer witness does not require dismissal per se of the juror if the trial court is satisfied that the juror can stand indifferent in the cause. Lilly v. Commonwealth, 255 Va. 558, 569-70, 499 S.E.2d 522, 531 (1998), rev'd on other grounds, 527 U.S. 116 (1999).

5

However, in the subsequent Medici and Cantrell cases, we recognized that in constituting the jury panel, "[p]ublic confidence in the integrity of the process" is also "at stake." Medici, 260 Va. at 227, 532 S.E.2d at 30; Cantrell, 259 Va. at 51, 523 S.E.2d at 504.

Thus, public confidence in the integrity of the process is one of the elements a trial court should consider when deciding whether a juror should be struck for cause. In the recited circumstances of this case we think that a refusal to strike the prospective juror for cause makes it unlikely that the public would have confidence in the judicial process. See Medici, 260 Va. at 227, 532 S.E.2d at 30-31; Cantrell, 259 Va. at 51, 523 S.E.2d at 504.

Hence, we conclude that the trial court abused its discretion in refusing to strike prospective juror Wade for cause. Accordingly, we will reverse the judgments of the trial court and the Court of Appeals and remand the case to the Court of Appeals with direction that the case be remanded to the trial court for further proceedings.

Reversed and remanded.