COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Frank and Humphreys
Argued at Salem, Virginia


GARY FREDRICK LOVELL, S/K/A
 GARY FREDERICK LOVELL

                                                      MEMORANDUM OPINION* BY
v.        Record No. 2402-04-3                    JUDGE ROBERT J. HUMPHREYS
                                                        DECEMBER 20, 2005

COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF STAUNTON
                            Humes J. Franklin, Jr., Judge

            Robert T. Garnett, Assistant Public Defender (Office of the Public
            Defender, on brief), for appellant.

            Eugene Murphy, Senior Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General, on brief), for appellee.


        Gary Fredrick Lovell ("Lovell") appeals his conviction of driving while under the

influence after having been declared a habitual offender, in violation of Code §§ 18.2-266 and

46.2-357.  Lovell argues the trial court abused its discretion by failing to strike a juror for cause

after that juror indicated that he could not decide the case in a fair and impartial manner.  For the

following reasons, we disagree and affirm the judgment below.

        On appeal, we must defer to a trial court's ruling on the issue of whether to retain or

excuse a prospective juror for cause.  Barrett v. Commonwealth, 262 Va. 823, 826, 553 S.E.2d

731, 732 (2001).  Although we note the maxim that "[i]f the juror does not stand indifferent to

the cause, he is not competent," Spangler v. Ashwell, 116 Va. 992, 996-97, 83 S.E. 930, 931

(1914), we also recognize that, having seen and heard the responses of the venire, trial courts are

_____
        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

in a superior position to determine whether a prospective juror would be prevented from, or impaired in, performing the duties of a juror. Green v. Commonwealth, 262 Va. 105, 115-16, 546 S.E.2d 446, 451 (2001). Therefore, the trial court's ruling on whether to strike a juror for cause "will not be disturbed on appeal unless there has been manifest error amounting to an abuse of discretion." Barrett, 262 Va. at 826, 553 S.E.2d at 732.

### I. Question Not Properly Preserved for Appeal

Lovell initially contends the trial judge impermissibly bolstered the impartiality of Paul Hatcher, a member of the venire, through the use of leading questions. However, we need not consider the merits of this issue because it is not properly before us.

Clearly, Lovell preserved his objection to the trial judge's failure to strike Hatcher for cause based upon Hatcher's "waffling." However, he did not object to the trial judge's use of allegedly leading questions. And, because Lovell presents this argument for the first time on appeal, we cannot consider it. See Rule 5A:18; see also Bell v. Commonwealth, 264 Va. 172, 196, 563 S.E.2d 695, 711 (2002) (finding that, because appellant did not object to the trial judge's rehabilitation of potential jurors by asking leading questions, Rule 5:25 barred consideration of the issue on appeal).

### II. Whether the Trial Judge Abused His Discretion By Failing to Strike Juror Hatcher for Cause

Lovell also argues that the trial judge abused his discretion by failing to strike Hatcher for cause, reasoning that Hatcher's responses to questions during *voir dire* indicated he had "strong feelings" that would prevent him from fairly performing his duties as a juror. We disagree.

> The standard to be applied by the trial court in determining whether to retain a venireman on the jury panel is whether his answers during *voir dire* examination indicate to the court something that would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath.

Eaton v. Commonwealth, 240 Va. 236, 246, 397 S.E.2d 385, 391 (1990) (citing Adams v. Texas, 448 U.S. 38, 45 (1980); Turner v. Commonwealth, 234 Va. 543, 549, 364 S.E.2d 483, 486 (1988)) (internal citations omitted). Although it is true that "if there be a reasonable doubt whether the juror [is impartial], that doubt is sufficient to insure his exclusion," Bradbury v. Commonwealth, 40 Va. App. 176, 180, 578 S.E.2d 93, 95 (2003), it is also true that a juror's entire *voir dire*, not isolated portions, must be considered when evaluating a juror's impartiality, Mackall v. Commonwealth, 236 Va. 240, 252, 372 S.E.2d 759, 767 (1988); Wise v. Commonwealth, 230 Va. 322, 325, 337 S.E.2d 715, 717 (1985); Fitzgerald v. Commonwealth, 223 Va. 615, 628, 292 S.E.2d 798, 805 (1982).

Lovell contends that the trial court abused its discretion because Hatcher's "strong feelings" conclusively demonstrated his inability to decide the case on a fair and impartial basis. Lovell notes that, when asked by counsel if he could put aside those feelings to fairly judge a case involving a DUI and habitual offender, he stated, "I don't know."

However, in response to several other questions posed by trial counsel and by the trial court, Hatcher indicated that he could, in fact, decide the case without prejudice. Clearly, at one point, Hatcher expressed some reservations about his ability to decide the case impartially. However, this Court must review the entire *voir dire* process, not just Hatcher's response to an isolated question. The trial judge had the opportunity to witness Hatcher's testimony and demeanor, both in response to the court's questioning and in response to questioning by counsel. Because Hatcher ultimately indicated that he could be impartial, the trial judge's failure to strike him for cause does not amount to an abuse of discretion. See Mackall, 236 Va. at 252, 372 S.E.2d at 767.

For these reasons, we hold that the trial court did not abuse its discretion in failing to strike Hatcher for cause, and, therefore, we affirm Lovell's convictions.

<u>Affirmed.</u>