COURT OF APPEALS OF VIRGINIA

Present: Judges Frank, Beales and Senior Judge Clements
Argued at Richmond, Virginia

CARNELL LESTER JACKSON

v.     Record No. 1256-13-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RANDOLPH A. BEALES
OCTOBER 7, 2014

FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
James F. D'Alton, Jr., Judge

Steven Brent Novey (Novey and Tomko Law Firm, on brief), for
appellant.

Elizabeth C. Kiernan, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

A jury found Carnell Jackson (appellant) guilty of one count of burglary in violation of

Code § 18.2-91, two counts of robbery in violation of Code § 18.2-58, one count of abduction in

violation of Code § 18.2-47, and one count of first-degree murder in violation of Code § 18.2-32.

Appellant argues that the trial court erred in refusing to grant his motion to strike Juror 15 for cause.

We hold that the trial court did not err when it refused to grant appellant's motion to strike Juror 15

for cause, and, accordingly, for the following reasons, we affirm each of appellant's convictions.

I. BACKGROUND

As the parties are fully conversant with the record in this case, and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this

appeal.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

At the outset of *voir dire*, the trial court asked the prospective jurors a number of questions. Their responses indicated that they were not related to appellant or the victims, that they were not acquainted with appellant or the victims, that they did not have any interest in the trial or outcome of the case, that they had not expressed or formed any opinion about appellant's guilt or innocence, that they understood appellant is presumed to be innocent and that the Commonwealth must prove his guilt beyond a reasonable doubt, that they did not have any bias against appellant or the Commonwealth, and that they had no reason to believe they would be unable to give a fair and impartial trial to both parties.

Next, the prosecutor asked the prospective jurors questions. Those questions pertained to their job status; whether they owned a home in the City of Petersburg; whether they had ever been a victim of a home invasion robbery; whether anyone important to them had ever been charged with burglary or assault; whether they knew any of appellant's family members; whether they knew or recognized any of the witnesses; whether they had had a bad experience with a police officer or prosecutor; whether they were familiar with the location of the crime; and whether they had been involved in a case that either the prosecutor or defense attorney handled. Some of the prospective jurors – but not Juror 15 – responded to some of these questions in the affirmative. The prosecutor also asked the prospective jurors whether they understood that voluntary intoxication is not a defense to murder; whether they could follow the law based on the evidence; and whether they had any moral, philosophical, or religious beliefs that would prevent them from sitting on a jury and rendering a decision. All of the prospective jurors indicated that they understood that voluntary intoxication is not a defense to murder and that they could follow the law based on the evidence. None of the prospective jurors indicated that they had any moral, philosophical, or religious beliefs that would prevent them from sitting on the jury and rendering a decision.

Near the end of his questioning of the prospective jurors, the prosecutor posed the following question to the prospective jurors: "Is there any other experience that anyone has today that they can think of that would prevent them from sitting as a juror today?" Juror 15, a student, raised her hand, at which point the following exchange took place between the prosecutor and Juror 15:

> Juror 15: It's not an experience, but I actually have class at 12:00, and it's the end of the semester. So it's a very busy time. I have a project due in that class too.
>
> Prosecutor: I understand.
>
> Juror 15: So I'm a bit preoccupied.
>
> Prosecutor: I can appreciate that. I understand that, but that aside, would that affect your ability to sit as a fair juror today and just listen? If you are required, could you still do that?
>
> Juror 15: Yes.

Defense counsel asked all of the prospective jurors certain questions.[1] He also asked follow-up questions of specific jurors, including the following exchange that took place between him and Juror 15:

> Defense Counsel: Would it be difficult for you to sit here all two days? I think we all know this case is going to go past 12:00 today and will go into tomorrow. If you're chosen to sit here, will you have any problem giving both sides, the Commonwealth and my client, a fair trial, not to rush through anything to get to the right answer because the right answer is always what we're focusing on.
>
> Juror 15: I think I would be preoccupied, worried about missing school.
>
> Defense Counsel: Again, I appreciate your honesty. So the answer would be it would be difficult?
>
> Juror 15: Yes.

---

[1] Defense counsel asked the prospective jurors whether they agreed that the accused is presumed innocent; whether they could hold the Commonwealth to its burden to prove guilt beyond a reasonable doubt; and whether they agreed that an accused's choice not to testify at all does not constitute evidence against the accused. All of the prospective jurors indicated that they understood and accepted these concepts.

Near the conclusion of the *voir dire*, appellant made a motion to strike Juror 15 for cause. Appellant explained, "[n]umber 15 said that she would find it very difficult. She would be preoccupied with school, and this case, like any case, is too important to have a juror preoccupied with a project when they're deciding the life and the future of my client." The trial court denied appellant's motion to strike Juror 15 for cause, stating "I think everybody's got something else to do. She said she would be preoccupied. She'd rather not be here, but I don't find it's a basis for cause."

## II. ANALYSIS

Appellant argues that the trial court committed reversible error when, near the conclusion of *voir dire*, it denied his motion to strike Juror 15 for cause. Appellant contends that Juror 15 indicated that she would not be able to give her full attention to the trial and, for that reason, should have been stricken for cause.

"We have stated that a prospective juror 'must be able to give [the accused] a fair and impartial trial.'" Green v. Commonwealth, 262 Va. 105, 115, 546 S.E.2d 446, 451 (2001) (quoting Wright v. Commonwealth, 73 Va. 941, 943 (1879)). Therefore,

> [t]he court and counsel for either party shall have the right to examine under oath any person who is called as a juror therein and shall have the right to ask such person or juror directly any relevant question to ascertain whether he is related to either party, or has any interest in the cause, or has expressed or formed any opinion, or is sensible of any bias or prejudice therein; and the party objecting to any juror may introduce any competent evidence in support of the objection; and if it shall appear to the court that the juror does not stand indifferent in the cause, another shall be drawn or called and placed in his stead for the trial of that case.

Code § 8.01-358; see Rule 3A:14(a)(7) (stating that *voir dire* questioning relates to, *inter alia*, whether the trial judge "[h]as any reason to believe the juror might not give a fair and impartial trial to the Commonwealth and the accused based solely on the law and the evidence").

"'On appellate review, this Court must give deference to the circuit court's determination whether to exclude a prospective juror,'" since the trial judge is "'able to see and hear each member of the venire respond to questions posed'" during *voir dire*. Townsend v. Commonwealth, 270 Va. 325, 329, 619 S.E.2d 71, 73 (2005) (quoting Green, 262 Va. at 115-16, 546 S.E.2d at 451). The trial judge "'is in a superior position to determine whether a prospective juror's responses during *voir dire* indicate that the juror would be prevented from or impaired in performing the duties of a juror as required by the court's instructions and the juror's oath.'" Id. Accordingly, the decision to retain or exclude a prospective juror "will not be disturbed on appeal unless there has been manifest error amounting to an abuse of discretion." Barrett v. Commonwealth, 262 Va. 823, 826, 553 S.E.2d 731, 732 (2001).

"'Only when reasonable jurists could not differ can we say an abuse of discretion has occurred.'" Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 847, 861 (2009) (quoting Thomas v. Commonwealth, 44 Va. App. 741, 753, 607 S.E.2d 738, 743, adopted upon reh'g en banc, 45 Va. App. 811, 613 S.E.2d 870 (2005)). The highly deferential abuse-of-discretion standard of appellate review "means that the trial judge's ruling will not be reversed simply because an appellate court disagrees." Thomas, 44 Va. App. at 753, 607 S.E.2d at 743 (internal quotations and citations omitted). That is, "'we do not substitute our judgment for that of the trial court. Rather, we consider only whether the record fairly supports the trial court's action.'" Grattan, 278 Va. at 620, 685 S.E.2d at 644 (quoting Beck v. Commonwealth, 253 Va. 373, 385, 484 S.E.2d 898, 906 (1997)). A trial court "has a range of choice, and its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." Lawlor v. Commonwealth, 285 Va. 187, 212, 738 S.E.2d 847, 861 (2013) (alteration and internal quotation marks omitted).

The trial court's decision to deny appellant's motion to strike Juror 15 for cause was not manifest error resulting in an abuse of discretion. See Barrett, 262 Va. at 826, 553 S.E.2d at 732.

On this record, we cannot say that *no* reasonable jurist would agree with the trial judge that Juror 15 was competent to serve as a juror here. See Grattan, 278 Va. at 620, 685 S.E.2d at 644. In making our conclusion, we must look to the entire *voir dire* of Juror 15 – not just her statements indicating some preoccupation due to her school work. See Green, 262 Va. at 116, 546 S.E.2d at 451 (noting that "[w]e must consider the *voir dire* as a whole, and not the juror's isolated statements" (citing Clagett v. Commonwealth, 252 Va. 79, 90, 472 S.E.2d 263, 269 (1996))).

Juror 15's responses during the *voir dire* indicated that she was not acquainted with any of the parties in this case, had not acquired any knowledge of the case through the media, and had not been a victim of the crimes being prosecuted.[2] In addition, Juror 15 indicated that she had not formed an opinion as to appellant's guilt or innocence and that she understood that appellant was

---

[2] Appellant argues that Brown v. Commonwealth, 29 Va. App. 199, 510 S.E.2d 751 (1999), counsels toward reversal of the trial court here. Appellant's reliance on Brown is misplaced, however, as the circumstances there were readily distinguishable. In Brown, this Court reversed the trial court's decision to deny the appellant's motion to strike two prospective jurors for cause. Id. at 202, 510 S.E.2d at 752. This Court reasoned that, because one of the prospective jurors in Brown had been a victim of the types of crimes being prosecuted against Brown, and because she "expressed numerous reservations about her ability to serve impartially on the jury in light of her personal experiences," there was "reasonable doubt about her fitness as a juror." Id. at 208, 510 S.E.2d at 755. Thus, "[b]ecause all doubts about the fitness of a juror to serve must be resolved in favor of the accused," this Court found that the trial court erred in refusing to strike the prospective juror for cause. Id.

During the *voir dire*, the second prospective juror in Brown, who was Chief Counsel to the United States Secret Service, indicated that he put much credence in the testimony of law enforcement officers since he tended to "view things from the law enforcement perspective" and that he believed a person charged with a crime likely committed the crime. Id. at 208-09, 510 S.E.2d at 755-56. This Court found that the second prospective juror's responses during the *voir dire* also "created a reasonable doubt about his ability to sit impartially on a jury" and that because "[a]ll reasonable doubts must be resolved in favor of the accused," the trial court erred in refusing to strike the second prospective juror for cause. Id. at 210, 510 S.E.2d at 756.

Thus, key to this Court's decision in Brown was the reasonable doubt as to the two prospective jurors' ability to serve *impartially* on the jury. Here, however, Juror 15's impartiality is not really at issue on appeal. She never indicated an unwillingness or inability to be impartial if selected for the jury – simply a desire, given her worries about her schoolwork and classes, not to be selected for the jury in the first place. See Calhoun v. Commonwealth, 226 Va. 256, 262, 307 S.E.2d 896, 900 (1983) (explaining that an "obvious reluctance to serve as a juror was not a basis for disqualification").

presumed innocent until the Commonwealth could prove his guilt beyond a reasonable doubt. Juror 15 indicated that she understood that an accused's choice not to testify is not evidence of guilt. She indicated that she did not have any moral, philosophical, or religious beliefs that would prevent her from sitting on the jury and rendering a decision. Juror 15 also indicated that she would follow the law based on the evidence presented at trial, and her doing so enabled the trial judge to infer that she would be attentive and listen to the evidence. Finally, when the prosecutor asked Juror 15 if she would be able to "sit as a fair juror today and just listen," Juror 15 responded in the affirmative. Juror 15 never indicated that she *could not* perform her duties as a juror – just a reluctance to serve because she was preoccupied with her schoolwork. Viewing Juror 15's *voir dire* in its entirety, the trial judge – *who could actually observe Juror 15's responses and demeanor through the entire voir dire* – was not required to conclude that Juror 15 was unable to set aside concerns over her schoolwork and serve as a competent and attentive juror.

## III. CONCLUSION

The trial court did not commit manifest error and abuse its discretion when it denied appellant's motion to strike Juror 15 for cause. Therefore, we will not disturb the trial court's decision on appeal. Accordingly, for the foregoing reasons, we affirm each of appellant's convictions.

<u>Affirmed.</u>